IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY DILLINGHAM,

    Plaintiff,

v.

T. JOHNSON, et al.,

    Defendants.

No. C 13-5777 YGR (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, in which he seeks monetary damages based on alleged injuries caused by employees of Salinas Valley State Prison ("SVSP") when he was incarcerated there from 2012 through 2013. Dkt. 1 at 17-19.[1]

Plaintiff's motion for leave to proceed *in forma pauperis* has been granted.

The Court now reviews the complaint below.

## DISCUSSION

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. Legal Claims

In his complaint, Plaintiff alleges multiple incidents involving various SVSP prison officials. Specifically, the Court finds that Plaintiff has alleged the following cognizable claims against the following named Defendants:

(1) a claim of deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights, stemming from a January 18, 2013 incident in which he was attacked by his cell mate, inmate Lozano, and Plaintiff has adequately linked Defendants Johnson, Moon, Howard, Warran/Warren,[2] Kessler, Solis, Sanders, Mojica, Medina, Maja, Grounds and Beard to his claim;

(2) Plaintiff's allegations of Defendant Sanders's inadequate mental health care, his refusal to "initiate single cell Medical Mental Health treatment care protection" for Plaintiff, and the resulting injury stemming the January 18, 2013 attack present a constitutionally cognizable claim for relief;

(3) Plaintiff's allegations of Defendant Howard's acts of "intimidation by threats of retaliation through punitively holding up need[ed] ordered urgent [Correctional Treatment Center] transport medical treatment [as a] condition [based] on Plaintiff signing [a] false fraudulent document" after the January 18, 2013 attack present a constitutionally cognizable claim for relief; and

(4) a claim of a denial of Plaintiff's right to access to the courts against Defendants Maja, Mojica, Medina and Beard.

Dkt. 1 at 17-18.[3]

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The legal claims listed above for monetary damages are COGNIZABLE against the aforementioned named Defendants.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to: **(1) California Department of Corrections and Rehabilitation Secretary J. Beard; and (2) the following persons at SVSP: Correctional Officers T. Johnson and D. Moon; Sergeants E. Howard and Warran/Warren;**

---

[2] Plaintiff spells this Defendant's name two different ways in his complaint; therefore, the Court will refer to him as Defendant Warran/Warren. Dkt. 1 at 5, 12.

[3] Plaintiff does not specifically list Defendants Warran/Warren and Maja among the liable Defendants under his "Legal Claims" section; however, he has adequately linked these Defendants to his deliberate indifference claim in the body of his complaint. Dkt. 1 at 9, 11, 12.

1  **Lieutenants R. A. Kessler and E. Medina; Captains V. Solis and R. Mojica; Clinical
2  Psychologist C. Sanders; Mental Health Medical Appeals Coordinator Maja; and Warden
3  Randy Grounds.**  The Clerk of the Court shall also mail a copy of the complaint and a copy of this
4  Order to the California State Attorney General's Office**.**  Additionally, the Clerk shall mail a copy of
5  this Order to Plaintiff.

6       3.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires
7  them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant
8  to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of
9  Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of
10 such service unless good cause be shown for their failure to sign and return the waiver form.  If
11 service is waived, this action will proceed as if Defendants had been served on the date that the
12 waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve
13 and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.
14 (This allows a longer time to respond than would be required if formal service of summons is
15 necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that
16 more completely describes the duties of the parties with regard to waiver of service of the summons.
17 If service is waived after the date provided in the Notice but before Defendants have been personally
18 served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was
19 sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

20      4.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil
21 Procedure.  The following briefing schedule shall govern dispositive motions in this action:

22      a.     No later than **sixty (60) days** from the date their answer is due, Defendants
23 shall file a motion for summary judgment or other dispositive motion.  The motion must be
24 supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil
25 Procedure 56, and must include as exhibits all records and incident reports stemming from the
26 events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice so

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

3

that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to

1 judgment as a matter of law, which will end your case. When a party you are suing makes a motion 2 for summary judgment that is properly supported by declarations (or other sworn testimony), you 3 cannot simply rely on what your complaint says. Instead, you must set out specific facts in 4 declarations, depositions, answers to interrogatories, or authenticated documents, as provided in 5 Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show 6 that there is a genuine issue of material fact for trial. If you do not submit your own evidence in 7 opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is 8 granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

9       Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to 10 exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available 11 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without 12 prejudice. To avoid dismissal, you have the right to present any evidence to show that you did 13 exhaust your available administrative remedies before coming to federal court. Such evidence may 14 include: (1) declarations, which are statements signed under penalty of perjury by you or others who 15 have personal knowledge of relevant matters; (2) authenticated documents -- documents 16 accompanied by a declaration showing where they came from and why they are authentic, or other 17 sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint 18 insofar as they were made under penalty of perjury and they show that you have personal knowledge 19 of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to 20 exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the 21 district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to 22 this portion of the case. *Albino*, 747 F.3d at 1168.

23     (The notices above do not excuse Defendants' obligation to serve similar notices again 24 concurrently with motions to dismiss for failure to exhaust available administrative remedies and 25 motions for summary judgment. *Woods*, 684 F.3d at 935.)

26       d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the 27 date Plaintiff's opposition is filed.

28

5

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  6. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

  7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

  8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: October 28, 2014

              _____
              Y**VONNE** G**ONZALEZ** R**OGERS**
              U**NITED** S**TATES** D**ISTRICT** C**OURT** J**UDGE**