UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY DILLINGHAM,

    Plaintiff,

v.

T. JOHNSON, et al.,

    Defendants.

Case No. 13-cv-05777-YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I. BACKGROUND

Plaintiff, a state prisoner, filed this *pro se* action pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations in connection with a cell fight that occurred at SVSP.

In an Order dated October 28, 2014, this Court screened the complaint under 28 U.S.C. § 1915A, and found that Plaintiff had stated multiple cognizable claims, including Eighth Amendment claims resulting from the January 18, 2013 incident in which he was attacked by his cellmate, inmate Lozano. Dkt. 15 at 2. The Court specifically found two section 1983 claims: (1) the alleged mishandling of Plaintiff's inmate appeals constituted deliberate indifference to his safety; and (2) the denial of access to the courts. *Id.* The Court served the following Defendants: (1) California Department of Corrections and Rehabilitation ("CDCR") Secretary J. Beard; and (2) the following persons at SVSP: Correctional Officers T. Johnson and D. Moon; Sergeants E. Howard and Warren; Lieutenants R. A. Kessler and E. Medina; Captains V. Solis and R. Mojica; Clinical Psychologist C. Sanders; Appeals Coordinator Mejia; and Warden Randy Grounds. *Id.* at 2-3.

On February 27, 2015, all of the aforementioned Defendants except for Defendant Mejia (hereinafter "Defendants"), filed a Motion for Summary Judgment. Dkt. 34. They argued that (1) the undisputed facts established that none of the named Defendants were constitutionally liable for the injuries that Plaintiff sustained from the January 18, 2013 incident; (2) Plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), as to his claims against Defendants Grounds and Warren; (3) there were no

triable disputes regarding Defendants' subjective intent or participation in any alleged constitutional deprivations; and (4) even if constitutional violations had occurred, Defendants were entitled to qualified immunity because they acted reasonably under the circumstances. *Id.* at 1-2.

On September 23, 2015, the Court granted Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies as to his claims against Defendants Grounds and Warren, and granted the motion for summary judgment on the merits as to his remaining claims.

Before the Court is Plaintiff's motion for reconsideration. Dkt. 100. Specifically, Plaintiff moves for reconsideration of the Court's September 23, 2015 Order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 1-3. Plaintiff argues that the Court erred in granting summary judgment in Defendants' favor.[1] Dkt. 100 at 3. He also alleges that over the past several months he has been taking "psych[iatric] medication" for his "severe ongoing mental health illness[es] and mental disorders," which prevented him from seeking reconsideration earlier. *Id.* at 14. In support of his motion, Plaintiff has submitted copies of two declarations and a separate statement of undisputed facts, which were previously filed along with his opposition to Defendants' February 27, 2015 motion for summary judgment. Dkts. 101-102. Plaintiff has also submitted various exhibits, including the transcript of his deposition taken on January 21, 2015. *See id.*

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion for reconsideration for the reasons set forth below.

**II. DISCUSSION**

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances. The Rule provides:

---

[1] Defendant Mejia, who had not yet been served at the time the other Defendants' motion was filed, filed a separate motion for summary judgment. Dkt. 80. On January 26, 2016, the Court granted Defendant Mejia's motion for summary judgment, and entered judgment in favor of Defendant Mejia as well as the other Defendants. Dkts. 98, 99. The Court notes that Plaintiff is only seeking reconsideration of the Court's September 23, 2015 Order granting summary judgment as to the claims relating to the other Defendants. *See* Dkt. 100 at 1.

2

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision of whether or not to grant relief under Rule 60(b) is matter of the district court's discretion. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (citation omitted). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

Here, Plaintiff presents no valid basis for reconsideration under Rule 60(b). As explained below, he alleges no new evidence that could not have been discovered with due diligence. While he makes certain conclusory arguments to this effect, he fails to show mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. Finally, he does not provide any other reason justifying relief, such as extraordinary circumstances.

Instead, as Defendants note, *see* Dkt. 103 at 4, Plaintiff's motion reargues matters already considered and decided by the Court. For example, Plaintiff attaches to the present motion the same six-page "Declaration of J. Dillingham in Opposition to Defendant[] C. Sanders Motion for

Summary Judgment" as well as the same five-page "Declaration of J. Dillingham in Opposition to Defendant[] D. Moon Motion for Summary Judgment" that he originally filed in support of his opposition. *Compare* Dkts. 102, 102-1 *with* Dkts. 75, 78. Because the original declarations were signed under penalty of perjury, the Court considered them before ruling on Defendants' dispositive motion. Plaintiff has also attached the same exhibits that he submitted in support of the aforementioned declarations, dkt. 102-3, which, again, the Court has previously considered. Finally, Plaintiff has attached a transcript of his deposition, which the Court has also previously considered because Defendants submitted (in support of their dispositive motion) the transcript of Plaintiff's deposition and all attached exhibits. *Compare* Dkt. 102-3 at 22-188 *with* Dkts. 37-1, 37-2. The repetition of arguments that the Court already considered and rejected is not a proper basis for reconsideration. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); c*f. Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."). Accordingly, for this reason, reconsideration is not warranted.

Even if the Court reconsiders the aforementioned documents, the result would not be any different. Plaintiff claims that, prior to the January 18, 2013 incident, he had "one additional session with [Defendant] Sanders on January 9, 2013" during which he alerted this Defendant (who is Plaintiff's primary mental-health clinician) to inmate Lozano's perceived threat to Plaintiff's safety, and requested single cell placement. Dkt. 100 at 6. Specifically, Plaintiff claims he "one again exposed [Defendant] Sanders to documentary [evidence] corroborating three Decl.'s concerning [that] several SVSP officials had spread amongst dangerous convicts [that] [Plaintiff] is a[n] informant, snitch, cop; and [Plaintiff's] current Mexican American disruptive group celly gang member prisoner Lozano specifically made a verbal threat against [Plaintiff's] life." *Id.* In support of his statement, Plaintiff has attached his declaration filed in opposition to Defendant Sanders's declaration in support of Defendants' dispositive motion. As mentioned above, this six-page declaration was considered by the Court prior to ruling on Defendants' motion.

4

United States District Court
Northern District of California

In the factual section of its September 23, 2015 Order granting summary judgment, the Court had noted that on January *10*, 2013 (as opposed to January 9, 2013), Plaintiff did indeed have a "session" with an SVSP doctor, stating as follows:

> On January 10, 2013, Plaintiff was seen by a psychiatrist, Dr. Tusel, regarding his paranoia and single-cell request. *Id.* ¶ 14. Dr. Tusel increased Plaintiff's Prozac dosage and provided him with education on coping skills. *Id.*

Dkt. 92 at 5-6. There is medical documentation confirming that Plaintiff was seen by Dr. Tusel. *See* Dkt. 38-1 at 14. Meanwhile, there is no medical documentation supporting Plaintiff's claim that he had a session with Defendant Sanders on January 9, 2013. *See generally* Dkt. 38-1. Defendant Sanders does not indicate in his declaration that he saw Plaintiff on that date. Instead, Defendant Sanders confirms that Plaintiff was seen by ***Dr. Tusel*** on January 10, 2013. Sanders Decl. ¶ 14. (The record shows that prior to Plaintiff's appointment with Dr. Tusel, Defendant Sanders had "referred [Plaintiff] to psychiatry for an intervention to help reduce paranoia." Sanders Decl. ¶ 13.) According to the "Salinas Valley State Prison Psychiatry Progress Note" relating to the January 10, 2013 session, Plaintiff had a face to face interview with Dr. Tusel in order to address Plaintiff's concerns that his medication was not helping his condition, and that Defendant Sanders "has not made [a] recommendation to custody for single cell." Dkt. 38-1 at 14. During Plaintiff's session with Dr. Tusel, Plaintiff mentioned that he was "having nightmares about being stabbed" and that he "has had bouts of fighting." Dkt. 38-1 at 14. However, there is no medical documentation in the record showing that Plaintiff alerted Dr. Tusel or Defendant Sanders to inmate Lozano's perceived threat to Plaintiff's safety on either January 9 or January 10. *See id.* Just as the Court had previously determined when granting Defendants' motion for summary judgment, the evidence demonstrates that Defendant Sanders did not know, and could not have known, that Plaintiff's safety was at risk on January 18, 2013. Thus, no triable issue exists regarding whether this Defendant was deliberately indifferent to a rise of harm posed by inmate Lozano. *See* Dkt. 92 at 23. Even if the Court took Plaintiff's allegation in the light most favorable to him, the result would not change. While Plaintiff attempts to present evidence that he alerted Defendant Sanders to inmate Lozano's perceived threat to Plaintiff's safety, the record

shows that this Defendant did not possess the requisite mental state, i.e., that he was subjectively, deliberately indifferent to Plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (To satisfy the subjective element, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). The record shows that Defendant Sanders did not disregard Plaintiff's purported safety concerns. Rather, even if Plaintiff's version is to be believed, Defendant Sanders acted reasonably in response to safety concerns about inmate Lozano. As explained above, Defendant Sanders attempted to address Plaintiff's request for a single cell placement by "referring him to psychiatry for an intervention to help reduce paranoia." Sanders Decl. ¶ 13. The record shows that after the referral was made, Plaintiff met with Dr. Tusel. *Id.* ¶ 14; Dkt. 38-1 at 14. Furthermore, no genuine dispute of material fact exists regarding whether Defendant Sanders's treatment decisions were clinically unacceptable under the circumstances. The record shows no indication whatsoever that single cell status was medically necessary for Plaintiff. Plaintiff was involved in a fight with his cellmate on January 18, 2013, which was after Defendant Sanders's decision not to recommend a single-cell assignment. However, at most, Plaintiff states a medical negligence claim against Defendant Sanders, which is not cognizable under section 1983. *See Farmer*, 511 U.S. at 835-36 & n.4 (Neither negligence nor gross negligence will constitute deliberate indifference.) In addition, the mere fact that inmate Lozano attacked Plaintiff *after* Defendant Sanders denied Plaintiff's single-cell placement does not demonstrate that this Defendant acted with "criminal recklessness." *See Farmer*, 511 U.S. at 844 (prison officials are free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted).

As to the other Defendants, Plaintiff also takes issue with the Court's finding that "while Plaintiff ha[d] presented evidence that he alerted Defendants Solis, Moon and Johnson to inmate Lozano's perceived threat to Plaintiff's safety, the record show[ed] that these Defendants did not possess the requisite mental state, i.e., that they each were subjectively, deliberately indifferent to the inmate's safety. *See* Dkt. 92 at 21. Specifically, Plaintiff claims that the Court "made a[n]

6

egregious error" in finding that these Defendants did not possess the requisite mental state. Dkt. 100 at 12. Plaintiff claims that not only did these Defendants act unreasonably when they were alerted to inmate Lozano's perceived threat to Plaintiff's safety, but they told Plaintiff to "handle [his] own safety and security protection needs." *Id.* at 13. Plaintiff submits another declaration supporting his claim entitled, "Declaration of J. Dillingham in Opposition to Defendant[] D. Moon Motion for Summary Judgment." However, as mentioned above, the Court previously reviewed this aforementioned declaration prior to ruling on the dispositive motion. Contrary to Plaintiff's claim, this declaration indicates that Defendant Moon told Plaintiff that on January 9, 2013, he "contacted [his] Supervisor . . . and [the supervisor] instructed [Defendant Moon] to tell [Plaintiff] to fill out a cell move application CDCR 1882A . . . ." Dkt. 75 at 4; Dkt. 102-1 at 4. Thus, the Court reasonably determined that "[t]aking into account the realities of prison life, Defendants Moon and Johnson responded reasonably to the risk of harm." Dkt. 92 at 26 (citing *Farmer*, 511 U.S. at 836). In finding that Plaintiff failed to create a triable issue of fact that Defendants Moon and Johnson were deliberately indifferent to a substantial risk of harm, the Court stated:

> Both officers responded to Plaintiff's request within 24 hours, and instructed Plaintiff to complete a bed-move request form. Moon Decl. ¶ 6; Johnson Decl. ¶ 4. Both officers knew that bed-move requests could be accommodated in a few days or fewer. Moon Decl. ¶ 6; Johnson Decl. ¶ 2. Despite the counseling, Plaintiff admits that he never completed the required form. Dillingham Depo. 100:6-7. It is also undisputed that Plaintiff did not act in a manner that was consistent with having legitimate safety concerns. Moon Decl. ¶ 8; Johnson Decl. ¶ 6. He did not file an emergency inmate grievance. Dillingham Depo. 101-02. Plaintiff was also willing to return to his cell with inmate Lozano. Moreover, nothing in the record indicates that Plaintiff made any other efforts to address a safety concern between January 9, when he talked to Defendant Moon, and January 14, when he talked to Defendant Johnson. Understood in this context, Defendants Moon and Johnson were, at most, negligent in exercising their custodial judgment regarding Plaintiff's cellmate assignment, which is not enough to establish an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835-36 & n.4.

Dkt. 92 at 26-27. Meanwhile, as to Defendant Solis, the Court found that even taking Plaintiff's allegations as true, Defendant Solis "acted reasonably in response to safety concerns about inmate Lozano." *Id.* at 23. Plaintiff had claimed that on January 14, 2013, he discussed his concerns regarding inmate Lozano with Defendant Solis, that Defendant Solis located cell vacancies, and

7

made arrangements to have inmate Lozano moved to a different cell. *See* Dkt. 1 at 12 ¶ 29. However, inmate Lozano was not moved and they fought four days later. In its September 23, 2015 Order, the Court found that "[t]he mere fact that inmate Lozano was not moved within the following four days does not demonstrate that Defendant Solis acted with 'criminal recklessness.'" Dkt. 92 at 23 (citing *Farmer*, 511 U.S. at 844). The Court concluded as follows:

> The record shows an absence of evidence from which a reasonable jury could conclude that Defendants knew a safety risk existed for Plaintiff if they left him in the same cell as inmate Lozano for a few more days after the move request was made. When the evidence is viewed in the light most favorable to Plaintiff, and inferences therefrom drawn in his favor, a reasonable jury could not find that Defendant Solis was deliberately indifferent to a known risk to Plaintiff's safety. Defendants are entitled to summary judgment in their favor because Plaintiff has not established a genuine issue for trial as to whether Defendant Solis was deliberately indifferent to a risk to his safety.

*Id.* at 25 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, the end result would not change.

In sum, the Court finds unavailing Plaintiff's argument that certain aforementioned documents in support of his opposition—including the transcript of his deposition or his declarations in response to declarations filed by Defendants Sanders and Moon—create a triable issue of fact so as to warrant reconsideration of the Court's September 23, 2015 Order granting Defendants' dispositive motion. As explained above, even if the Court reconsiders the aforementioned documents, the end result would not change. Furthermore, the Court finds that Plaintiff does not make a valid showing of mistake, inadvertence, surprise or excusable neglect. He does not set forth any newly discovered evidence, fraud, or any grounds for finding that the judgment is void or has been satisfied. Lastly, within the present motion, Plaintiff argues that he feels prejudiced and, at one point, accuses Defendants' counsel of "prejudicial grave mischaracterization." *See* Dkt. 100 at 12. However, Plaintiff does not elaborate on such arguments with support from the record. Therefore, the Court construes such an argument as Plaintiff's mere dissatisfaction with the Court's September 23, 2015 Order, which is not an adequate ground for relief. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

### III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for reconsideration is DENIED. Dkt. 100.

2. This Order terminates Docket No. 100

IT IS SO ORDERED.

Dated: June 2, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge